IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-40204 |
| | ) | |
| LCC COMPANY, LLC, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| | ) | Filing No. 15, 21, 22 |

### ORDER

Hearing was held in Lincoln, Nebraska, on May 14, 2008, on a Motion to Dismiss filed by Creditor Concrete Industries, Inc. (Fil. #15), a Resistance by Creditor City Bank & Trust Co. (Fil. #21), and a Resistance by the Debtor (Fil. #22). Shannon Doering appeared for Concrete Industries, Inc., James Haszard appeared for City Bank & Trust Co., and Trev Peterson appeared for the Debtor.

Concrete Industries, Inc. seeks dismissal of this Chapter 7 proceeding asserting that the filing was not authorized by the Debtor. Specifically, Concrete Industries, Inc. believes that it is the beneficial owner of the membership units of Debtor and that it did not authorize the bankruptcy filing. The Debtor resists, asserting that Concrete Industries is misinterpreting the terms of a state court order. City Bank & Trust also resists and believes the rights of the parties need to be determined in this bankruptcy proceeding.

On March 30, 2006, Concrete Industries filed a lawsuit in the District Court of Lancaster County, Nebraska against Leifert Concrete Construction, Inc. and Ronald M. Leifert for amounts unpaid on an account. On June 11, 2007, the Defendants in that proceeding confessed judgment. In September of 2007, Concrete Industries learned that Leifert was conducting business under a new company, LCC Company, LLC, the Debtor herein. Therefore, Concrete Industries pursued a "creditor's bill" in the District Court of Lancaster County and in response to that motion the court entered an Order in Aid of Execution. Concrete Industries believes that Order in Aid of Execution transferred ownership of the membership interest in the Debtor to Concrete Industries. Accordingly, since Concrete Industries did not consent to this bankruptcy filing, it believes this bankruptcy proceeding should be dismissed.

A copy of the Order in Aid of Execution is attached to the affidavit of Ronald Leifert (Fil. #27). Upon review of that Order, I have to agree with the Debtor. That Order does not provide for the transfer of ownership of the membership units in LCC Company, LLC to Concrete Industries.

The first paragraph of the Order indicates that Concrete Industries "has now sought an order in Aid of Execution, specifically, that Garnishee LCC Company, LLC shall be deemed liable to Plaintiff for the entire amount of the judgment in this case because of Garnishee's failure to accurately disclose defendant's ownership in Garnishee." In the second paragraph, the Order finds that Plaintiff (Concrete Industries) is entitled to an Order directing LCC Company, LLC to "immediately surrender any and all personal property within its possession owned by Ronald M. Leifert, Defendant, including but not limited to all units of membership in the LLC." The third

paragraph is the "order" paragraph which provides as follows:

> WHEREFORE, IT IS ORDERED that Garnishee, LCC Company, LLC, shall be and is hereby liable to Plaintiff, Concrete Industries, Inc. for the full amount of the judgment previously entered by this Court in this matter, including interest and costs as provided therein, and Plaintiff shall be entitled to all rights, privileges, and executions upon the same as shall be provided and allowed by Nebraska law.

There simply is no "order" directing that Concrete Industries became the owner of the membership units of the Debtor. The closest it comes is the second paragraph which is simply a finding that Concrete Industries is entitled to an order directing the immediate surrender of personal property of Ronald M. Leifert that may be in its possession, including his membership units. There is no evidence that the company was in possession of Mr. Leifert's membership units. In fact, it is undisputed that Mr. Leifert owned those membership units. Further, regardless of how that paragraph is interpreted, there simply is no order transferring ownership of the membership units to Concrete Industries, Inc. Of course, since Concrete Industries apparently has a judgment against Mr. Leifert, and since Mr. Leifert is not in bankruptcy, Concrete Industries is not prevented from proceeding with execution of its judgment against the assets of Mr. Leifert, including his ownership interest in the Debtor.

The only other cause for dismissal raised by Concrete Industries, Inc. is the assertion that this bankruptcy proceeding was filed to frustrate creditors. While this court will not speculate on the intentions of the Debtor, it seems rather clear that bringing the assets of this bankruptcy estate under the control of the Chapter 7 bankruptcy trustee should actually be a benefit to creditors since it protects the assets of the estate for those creditors. This is not a reorganization proceeding, but instead is a Chapter 7 liquidation case.

IT IS THEREFORE ORDERED that the Motion to Dismiss filed by Concrete Industries, Inc. (Fil. #15) is denied.

DATED:   May 16, 2008

BY THE COURT:

Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
   *Shannon Doering
   James Haszard
   Trev Peterson
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.